O’NIELL, C. J.
 

 Louis H. Gosserand, who is an attorney at law, sued the city of Gretna for $817.63, under an alleged contract of employment. He annexed to his petition an itemized account of the alleged indebtedness, as follows:
 

 Debits.
 

 6 months’ salary as city attorney, at $50.... $300.00
 

 3 per cent, commission on $23,068 of paving assessments collected........................ 692.04
 

 10 per bent, commission on $11,092.58 of paving assessments sued on and collected or reduced to judgments....................:... 1,109.25
 

 Disbursements for costs and expenses of litigation ......................................... 869.50
 

 $2,970.79
 

 • Credits.
 

 Costs refunded by assessment debtors $ 480.00 Amounts collected from property owners ....................................1,378.16
 

 Amount advanced by city for expenses ............................... 295.00 $2,163.16
 

 Balance .......................................$817.63
 

 Answering the suit, the city denied that it owed the plaintiff anything, and set up a re-conventional demand for the $295 which Gosserand had given credit for on the account annexed to his petition. Afterwards the city filed a supplemental answer with a reconventional demand for $1,673.16, being for the item of $1,378.16, as well as the item of $295, which Gosserand had given the city credit for on the account sued on. On objection of Gosserand, the court rejected the supplemental answer and reconventional demand for the item of $1,378.16. Thereafter the city brought suit against Gosserand for the $1,-378.16 which he had admitted collecting for account of the city. On motion of Gosserand, the city’s suit against him was consolidated with his suit 'against the city. The result of the consolidation of the two suits was the same as if the court had not dismissed the city’s reconventional demand against Gosserand for the item of $1,378.16. The suits were tried as one suit and resulted in a judgment in favor of Gosserand for $817.63, the amount which he had sued for, from which judgment the city prosecutes this appeal.
 

 The appeal has not been submitted on its merits. The matters which have been submitted for decision are: (1) A rule taken by counsel for the city of Gretna on the clerk of court and his chief deputy to show cause why they should not be held in contempt of court for insisting upon including documents not belonging in the transcript, and for making an excessive charge for the transcript; (2) a motion by Gosserand to dismiss the appeal for want of jurisdiction; and (3) a motion by counsel for the city of Gretna to expunge 452
 
 *1031
 
 pages from the transcript, as not belonging therein, and to reduce the clerk’s cost bill, and to condemn him to pay $200 damages for the trouble which he caused in that respect.
 

 The rule for contempt is not well founded. After judgment was rendered in the case, and an appeal taken, a dispute arose between Gosserand and the attorney for the city of Gretna as to whether the records in certain other suits should be copied and embodied in the transcript in this case. Gosser- and insisted that the records in the other suits should be copied and embodied in the transcript, and the attorney for the city of Gretna contended that the records in the other suits, though referred to in the testimony, had not been introduced in evidence in this case and should not be included in the transcript. The clerk and his deputy decided to copy the records in the other suits and include them in the transcript, and let it be determined by the court whether Gosserand or the city of Gretna should pay the additional cost.
 

 The motion to dismiss the appeal is well founded in so far as it is contended that this court has not appellate jurisdiction, but, inasmuch as the Court of Appeal has jurisdiction, we shall transfer the ease to that court, instead of dismissing the appeal. The jurisdiction of this court is limited to suits in which the amount in dispute exceeds $2,000, exclusive of interest. Constitution, art. 7, § 10. An appeal from a judgment on a reconventional demand goes to the court having appellate jurisdiction of the main demand, if there is a right of appeal on the main demand. When there is no right of appeal on the main demand the appellate jurisdiction is determined by the amount of the reconventional demand. Constitution, art. 7, § 1. The Court of Appeal has jurisdiction of this appeal, whether we regard the two consolidated cases as one suit, in which Gosserand is plaintiff! for the main demand and the city is plaintiff for the reconventional demand, or regard the two cases as separate suits. If we regard them as one suit, the main demand, on the part of Gosserand, is for $817.63, and the reconventional demand of the city of Gretna is for $1,673.16. If we regard the consolidated cases as two separate suits, Gosserand’s suit is for $817.63, and the city’s suit is for $1,378.16. The attorney for the city, as appellant, argues — and cites City of New Orleans v. Finnerty, 27 La. Ann. 681, 21 Am. Rep. 569, in support of the argument — that Gosserand should have paid over to the city the sums which he collected for account of the city, instead of giving credit for the amount on his account against the city. If he had done that his claim against the city would exceed $2,000; but the fact is that he did not pay the city the amounts which he admits he collected for account of the city, and the consequence is that his claim against the city is for a sum less than $2,000, and the city’s claim against him is also for a sum less than $2,000. Whether Gosserand was right or wrong in withholding the city’s money in part payment of his claim against the city has nothing to do with the question of jurisdiction in this case. The city concedes that its claim against Gosserand is for a sum less than $2,000, and, surely, the city does not contend that Gosserand could justly demand of the city more than $2,000. The case might be different if the city were suing Gosserand for more than $2,000 for collections made for account of the city, and if Gosserand were attempting to reduce the claim below $2,000 by setting up a counterclaim that could not be pleaded legally in compensation or offset against the city’s claim.
 

 The only remaining question is whether the cost of the transcript should be reduced, as far as the appellant is concerned. Inasmuch as we must transfer this case to the Court of Appeal, we would leave the mat
 
 *1033
 
 ter of the cost of the transcript for that court to decide hut for the fact that appeals to that court go up on the original record. The transcript was made for the appeal to this court, and the matter of assessing the cost of it must be determined when the court disposes of the appeal by transferring it to the Court of Appeal. It appears that the clerk first rendered a bill for $310, but, on the protest of counsel for the appellant, rendered a new bill for $225. The statement rendered contains an item of $15 “for transcribing testimony to be placed in the record in suit of L. H. Gosserand v. City of Gretna.” That item was not a part of the costs of the transcript, or of the appeal, but was a part of the costs of the trial in the district court, and should have been paid or advanced by the plaintiff, Gosserand. The defendant in a lawsuit is never obliged to advance the costs of the trial in the first instance, for he is not liable for such costs unless he is condemned by a final judgment to pay them. The appellant objected to the clerk’s embodying in the transcript the citations and returns thereon, subpoenas to witnesses and returns thereon,- and the notices of the fixing of the case for trial. According to section 8 of rule 1 of the rules of this court, 136 Da. viii, such documents should not be included in a transcript of appeal unless the clerk is instructed by one of the parties to the suit to include them. There are twelve pages of such documents in the transcript, for which the clerk should refund the cost to the appellant. The transcript contains also 91 pages of copies of the records in other suits, which were not offered in evidence, and which were copied and embodied in the transcript in this case against the protest of appellant’s attorney and on the orders of Gosserand. The clerk must look to him for payment of that part of the cost of the transcript. Appellant’s attorney complains of other records embodied in the transcript, which he contends were not offered in evidence, but we do not find the complaints well founded. For example, it is contended that Gosserand merely expressed an intention eventually to offer a record in evidence, when he said: “If your honor please, I would like to offer the entire record in the matter of Klease v. Robin, and especially the judgment of the court,” etc. That expression, in our opinion, was an offering of the record in evidence, and, there being no objection made at the time, the record should have been filed in evidence. At another time, during the trial, 'Gosserand said: “I will introduce the entire record in that matter, No. 4436.” It is contended by counsel for appellant that that was not an offering of the record in evidence, but merely a statement that he (Gosserand) would, at some future stage of the trial, offer the record in evidence. The district judge understood that the record was being offered in evidence, and so would we have thought.
 

 We doubt that the attorney for the appellant is serious in his demand for damages for the trouble which the clerk is said to have given the appellant in the matter of preparing the transcript. This court is not vested with original jurisdiction to entertain such a claim.
 

 The rule taken against the clex;k of court and his chief deputy, to show cause why they should not be held in contempt, is dismissed. This case is ordered transferred to the Court of Appeal for the parish of Orleans, provided the record shall be filed in that court within 30 days from the date on which this decree shall become final, otherwise the appeal shall be dismissed. The costs of this appeal, to the Supreme Court, are to be borne by the appellant, city of Gretna, except that the clerk of the district court shall remit to the appellant the $15 charged as costs of appeal, for transcribing testimony, and the cost of the 103 pages which should not have been included in the transcript. The question of liability
 
 *1035
 
 for the costs incurred in the district court shall abide the final judgment in the case.